**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-04454** |
| | **Chapter 11** |
| **ADVANCED COMPUTER TECHNOLOGY ACT, INC.** | |
| **Debtor(s)** | **FILED & ENTERED ON 10/15/2013** |

## OPINION & ORDER

Before the Court is Berrios & Longo Law Offices' ("Berrios") Motions Requesting Entry of Order for Payment of Bill of Costs and Entry of Order for Payment of Attorney's Fees [Dkt. Nos. 276, 277] and Debtor's Opposition [Dkt. No. 290]. For the reasons stated herein, Berrios' Motions Requesting Entry of Order for Payment are hereby DENIED.

Bankruptcy Courts, similar to all other federal courts, are courts of limited jurisdiction. Bankruptcy Courts, thus generally have subject matter jurisdiction only over disputes that could affect or "relate to" the administration of the bankruptcy estate. Disputes that "relate to" a bankruptcy estate are determined by whether such disputes can impact the estate "by increasing or reducing estate property, by increasing or reducing claims, or by affecting the priority of claims." Halper v. Halper, 164 F.3d 830, 837 (3d Cir.1999); In re Mailman Steam Carpet Cleaning Corp., 196 F.3d 1, 5-6 (1st Cir. 1999). Accordingly, once a bankruptcy case is closed or dismissed, any disputes subsequent to such closure or dismissal, such as applications for counsel fees, cannot have an effect on the administration of the estate. Walnut Assocs. v. Saidel, 164 B.R. 487, 491 (E.D.Pa.1994) ("The court finds that where a bankruptcy case is closed and the estate no longer exists ... the court is

without jurisdiction to entertain any proceedings, irrespective of whether those proceedings are defined as 'core' or related 'non-core' proceedings."); In re Smith, 866 F.2d 576, 580 (3d Cir.1989) ("[T]he dismissal of a bankruptcy case should result in the dismissal of 'related proceedings because the court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings.") Consequently, a bankruptcy court lacks jurisdiction to hear such subsequent disputes.

This instant case was dismissed on August 20, 2013. Berrios filed an Application for counsel fees on September 3, 2013, nearly a week after such dismissal. Further, Berrios did not request any attorneys fees or costs in its initial Motion to Dismiss filed on June 12, 2013. Regardless, a bankruptcy court has the ability to retain jurisdiction under 11 U.S.C. § 349 in its dismissal order, if it finds cause to do so. In re Pocklington, 21 B.R. 199, 202 (Bankr.S.D.Cal.1982). Pursuant to Section 349, property of the bankruptcy estate returns to the entity that had possession prior to commencement of the bankruptcy case, unless the court, for cause, orders otherwise. Case law has demonstrated that courts may determine compensation propriety in an underlying bankruptcy case post-dismissal by explicitly retaining jurisdiction in its dismissal order. In re Quaker Distributors Inc., 189 B.R. 63, 66 (Bankr.E.D.Pa.1995) (court retained jurisdiction over compensation in its initial dismissal order); Matter of Mandalay Shores Co-op. Housing Ass'n, 60 B.R. 22, 23 (Bankr.M.D.Fla.1986) (dismissal of Chapter 11 case did not divest bankruptcy court of jurisdiction over professional fee application because court explicitly retained jurisdiction); Matter of Samford, 125 B.R. 230, 234 (E.D.Mo.1991) (court retained jurisdiction to determine the disgorgement of counsel fees under section 329 post-dismissal). Contrarily, where courts do not explicitly retain such jurisdiction in its dismissal order, courts are presumptively deprived of jurisdiction over the issue.

See In re Ragland, 2006 WL 1997416, at *6 ("neither dismissal order retained jurisdiction.... Accordingly, it would appear that this court has no power to award those funds."); In re Matthews, No. 10–16869MDC, 2012 WL 33213, at *2 (Bankr.E.D.Pa. Jan. 6, 2012) (court is deprived of jurisdiction to award counsel fees even when fee application was filed prior to case's dismissal solely because bankruptcy court did not retain jurisdiction); Iannini v. Winnecour, 487 B.R. 434, 438-40 (W.D. Pa. 2012).

In the Motions filed, Berrios focused on cases stating that a prevailing party is entitled to fees while disregarding the jurisdiction of the court in a dismissed case. Moreover, although the Motions fail to argue the retention of jurisdiction, this Court will briefly touch on the concept of ancillary jurisdiction. The Supreme Court has recognized that federal courts may exercise ancillary jurisdiction "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 379–80, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted); see also Peacock v. Thomas, 516 U.S. 349, 354–60, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996). In re Synergistic Technologies, Inc., 213 B.R. 472, 474 (Bankr.E.D.Va.1997) ("Although Kokkonen was not a bankruptcy case, its holding is plainly applicable to bankruptcy courts, for which jurisdiction is also limited.") As the record demonstrates, this Court finds neither of the ancillary jurisdiction concepts applicable to the present case.

Conclusively, after considering arguments from both parties, this Court finds that it lacks jurisdiction to consider Berrios' application for fees and costs.

WHEREFORE, IT IS ORDERED that Berrios' Motion Requesting Entry of Order for

Payment of Bill of Costs and the Motion Requesting Entry of Order for Payment of Attorneys Fees are DENIED.

SO ORDERED

San Juan, Puerto Rico, this 15th day of October, 2013.

Brian K. Tester
U.S. Bankruptcy Judge