**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**ADVANCED COMPUTER TECHNOLOGY (ACT), INC**<br><br>**Debtor(s)** | **CASE NO. 12-04454**<br>**Chapter 11**<br><br><br>**FILED & ENTERED ON 11/14/2013** |

## OPINION & ORDER

Before the court is Debtor's Motion to Alter or Amend Order and its accompanying Supplement [Dkt. Nos. 285, 286], and Berrios & Longo Law Offices' ("Berrios") Opposition and Motion to Strike [Dkt. No. 289]. For the reasons stated herein, the Debtor's Motion is hereby DENIED.

Courts often entertain motions for reconsideration under either Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. See Perez–Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006); In re PMC Mktg. Corp., 09-02048, 2013 WL 4602763 (Bankr.D.P.R. Aug. 29, 2013).

Accordingly, a Rule 59(e) motion for reconsideration usually cannot be granted absent highly

unusual circumstances, unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008); see also Rivera Surillo& Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994)(citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992); Marlyn Nutraceuticals, Inc. v. MucosPharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999)). Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9th Cir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances.").

Thus, for judicial economy purposes, the movant in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the Court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court

and the litigant, or re-argues theories already properly disposed of by the court. See e.g. Waye v. First Citizen's National Bank, 846 F.Supp.310, 314 n. 3 (M.D.Pa.1994); Resolution Trust Corp. v. Holmes, 846 F.Supp.1310, 1316 (S.D.Tex.1994) (footnotes omitted). Summarily, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F.Supp.879, 889 (E.D.Va.1977).

Debtor's Motion neither provides this Court with genuine reasons why the court should revisit its prior order, nor compelling facts or law in support of reversing the prior decision. Although Debtor offers several reasons in support of their Motion, the majority of these had already been evaluated by this Court prior to rendering the August 20, 2013 Dismissal Order. Regardless, this Court considers the following point: Debtor alleges that at the hearing, it did not have all the necessary information and thus was unable to prepare a year to date profit and loss statement. In the financial statement for the month ending August 31, 2013, submitted as a Supplement to their Motion to Alter or Amend, Debtor alleges that there was a positive cash flow in the amount of $765.98, from an approximate $228,000 net loss from the period of January 2013 through June 2013. Therefore, such increased cash flow was reflective of Debtor's efforts at reorganization which, in turn, has a positive effect on Debtor's likelihood of rehabilitation.

After granting Debtor's request for continuance of the initial July 30, 2013 hearing date, this Court held an evidentiary hearing on August 20, 2013 to consider Berrios' Motion to Dismiss and Debtor's Opposition. Debtor alleges that it did not have "all the necessary information" to present this Court with complete evidence on the day of the hearing. However, Debtor did not expound further as to why it was not able to provide adequate evidence at that time. At the same hearing, the

3

court imposed a one (1) year bar against Debtor from refiling. Because Debtor's case was dismissed with prejudice, this Court deems that the one (1) year bar from refilling does not warrant reconsideration. Although 11 U.S.C. § 1112(b)(4) provides a non-exhaustive list of factors that constitute "cause" for dismissal or conversion, evidence demonstrating only one of these factors is required for dismissal or conversion. At the August 20, 2013, the court enumerated and explained each finding.

Case law is well established that bankruptcy courts have the authority to impose a time bar in exercising their discretion to deter abusive filings and to promote judicial economy. See In re Dempsey, 247 Fed. Appx. 21 (7th Cir. 2007) (holding that the bankruptcy court had the authority to bar refiling for one year pursuant to section 109(g) and 105(a)); In re Casse, 198 F.3d 327, 337–38 (2d Cir. 1999) ("Indeed, in all circuits but the Tenth, bankruptcy courts and district courts invariably derive from § 105(a) or § 349(a) of the Code, or from both sections in some cases, the power to sanction bad-faith serial filers … by prohibiting further bankruptcy filings for longer periods of time than the 180 days specified by § 109(g)."); In re Cusano, 431 B.R. 726 (B.A.P. 6th Cir. 2010); In re Gonzalez-Ruiz, 341 B.R. 371 (B.A.P. 1st Cir. 2006) ("[T]he better reasoned approach is that articulated by the many courts which have ruled that the bankruptcy court has the power in an appropriate case to prohibit a serial filer from filing petitions for reasons other than lack of eligibility under § 109(g) and for periods of time exceeding 180 days"); In re Garcia, 479 B.R. 488 (Bankr. N.D. Ind. 2012) (applying a three-year ban); In re Herrera, 194 B.R. 178 (Bankr. N.D. Ill. 1996).

Conclusively, after considering arguments from both parties, this Court finds that Debtor does not present this Court with adequate reasoning to justify good cause nor a special circumstance

4

in demonstrating that the court's previous reasoning constituted a manifest error of law. Further, Plaintiff fails to present newly discovered evidence or any intervening change in law. Moreover, when parties merely rehash old arguments, judicial economy is unnecessarily hindered. This behavior should be deterred and does not warrant reconsideration by this Court.

WHEREFORE, IT IS ORDERED that Debtor's Motion to Alter or Amend be, and it hereby is, DENIED.

SO ORDERED

San Juan, Puerto Rico, this 14th day of November, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

5